UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN JOAQUIN GENERAL HOSPITAL, a division of the County of San Joaquin,<br><br>Plaintiff,<br><br>v.<br><br>FARZANA SHEIKH and REHAN SHEIKH,<br><br>Defendants. | No. 2:17-cv-1178 GEB DB PS<br><br>FINDINGS AND RECOMMENDATIONS |

By Notice of Removal filed June 6, 2017, this action was removed from the San Joaquin County Superior Court by defendant Rehan Shiekh, who is proceeding pro se.[1] Accordingly, the matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21). Plaintiff's action seeks an order of abandonment of a mobile home located in San Joaquin County.

In this regard, it is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)); see also

---

[1] It does not appear that defendant Farzana Sheikh signed the June 6, 2017 notice of removal. (ECF No. 1 at 11.)

1

Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction falls on the party invoking removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)); see also Provincial Gov't of Martinduque, 582 F.3d at 1087. In addition, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

In removing this action, defendant asserts that this court has original jurisdiction over the action based on the presence of a federal question. (ECF No. 1 at 2.) However, it is evident from a reading of plaintiff's "PETITION FOR JUDGMENT OF ABANDONMENT" that this action is based wholly on California law without reference to any claim under federal law. (Id. at 15-18.) As such, the complaint does not involve any "claim or right arising under the Constitution, treaties or laws of the United States" that would have permitted plaintiff to file this action originally in federal court. See 28 U.S.C. § 1441(b). It is also evident from defendant's Notice of Removal that any federal claims that could conceivably be presented in this action arise solely from defendant's own affirmative defenses and not from the plaintiff's petition. See ARCO Envtl. Remediation, LLC, 213 F.3d at 1113.

Defendant also asserts that the court has diversity jurisdiction over this action. (ECF No. 1 at 2.) District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be

a citizen of the United States, and (b) be domiciled in a state of the United States." Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Here, all parties appear to be citizens of California. (ECF No. 1 at 15.) Moreover, it is not apparent that the amount in controversy exceeds $75,000. Thus, the defendant has failed to meet the burden of establishing a basis for federal jurisdiction over this action.[2]

Accordingly, IT IS HEREBY RECOMMENDED that this action be summarily remanded to the San Joaquin County Superior Court and that this case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. A document presenting objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 8, 2017

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\sanjoaquin1178.jx.f&rs

---

[2] Moreover, it appears that defendant's removal of this action may be an attempt to continue defendant's long running dispute with the plaintiff. See San Joaquin General Hospital v. Farzana Sheikh, No. 2:14-cv-1509 MCE AC PS; Farzana Sheikh, M.D. v. Hon. Leslie D. Holland, No. 2:15-cv-1773 TLN DB PS.